### LAWTON v. PERRY.

1. ORDER—RES ADJUDICATA—ATTORNEY'S FEE.—An order made by a Circuit Judge, instructing a master to "take testimony and report a reasonable fee for plaintiff's attorney," settles the question, that the plaintiff's attorney is entitled to a fee out of the common fund, and if not appealed from, is binding on all parties to the action.
2. CREDITOR'S BILL,—ATTORNEY'S FEE.—A suit by a creditor of a decedent against his heirs, to subject decedent's lands to the payment of his debts, brought by plaintiff as creditor for himself and other creditors who choose to come in and share in the expense, is in effect a creditor's bill, and entitles plaintiff to have a fee for his attorney paid out of the common fund, though the main litigation was between the creditors as to their priorities.

Before WITHERSPOON, J., Mount Pleasant. Reversed.

Action by James M. Lawton, as administrator *de bonis non* of James M. Lawton, deceased, against W. H. Perry and others, to subject lands of decedent in the hands of his heirs to the payment of his debts. This appeal is from the order of Judge Witherspoon, denying the right of plaintiff to have his attorney's fees paid out of the common fund.

*Messrs. Jervey, Prioleau & Von Kolnitz*, for appellant.

*Messrs. Mitchell & Smith* and *J. Lamb Perry*, contra.

Oct. 10, 1895. The opinion of the Court was delivered by MR. CHIEF JUSTICE MCIVER. This case had been before this Court once before (40 S. C., 255), and its general nature may be ascertained from the case as there reported. All of the other issues having been determined, the only question remaining is as to the counsel fee of plaintiff's attorney. When the previous judgment of this Court was remitted to

the Circuit Court, an order was granted by his Honor, Judge Townsend, on the 27th March, 1894, which contained, amongst other things, the following: "That the master do further take testimony and report a reasonable fee for the plaintiff's attorneys, and audit the disbursements of the plaintiff, and also the amounts due upon the various claims which have been proved against the estate of Josiah I. Perry, deceased, and their order of payment." To this order no exception is taken, and in pursuance thereof the master, on the 31st July, 1894, filed his report, in which the master says: "I further find that disbursements amounting to $163.16 have been expended by the plaintiff and his attorneys, and that professional services have been rendered by said attorneys extending over nearly four years, and services of a character requiring labor and ability, and that the case has been twice elaborately argued before the Supreme Court. Under the testimony I find their services to be of the value of $650." To this report no exceptions were filed, and the case was heard by his Honor, Judge Witherspoon, upon said report, who in his decree says: "The only issue arising upon the report of the master is as to the right of the plaintiff's counsel to be paid a fee out of the common fund to be realized from the land to be sold as hereinafter directed," in accordance with the recommendation made by the master in his report. In his decree, which is set out in the "Case," Judge Witherspoon undertakes to give a statement of the general nature of the case and the main issues involved, and reaches a conclusion that the plaintiff's attorneys are not entitled to have their fee paid out of the common funds; and having rendered judgment accordingly, the plaintiff appeals upon the several grounds set out in the record. These grounds raise substantially two questions: 1st. Whether the question of the right of plaintiff's attorneys to have their disbursements as well as their counsel fee paid out of the common fund had not been determined by the previous order of Judge Townsend, which was not appealed from or excepted to. 2d. Whether there was error in holding that this was not

such a case as would entitle the plaintiff's attorneys to have their counsel fee paid out of the common fund.

As to the first question, it seems to us clear that the question here made was concluded by the order of Judge Townsend, and that no succeeding Judge had a right to question or disregard that order. But it is contended by counsel for respondents, that the order of Judge Townsend did not, *in tenus*, direct that the counsel fee of plaintiff should be paid out of the common fund. While that is true, yet the terms used in the order necessarily implied that the true intent of the order was that the fee should be paid out of the common fund, for otherwise the inquiry ordered, and which was made, would have been worse than nugatory, as it would have put the parties to the wholly unnecessary expense of having the several witnesses, whose testimony is set out in the "Case," examined for the purpose of ascertaining a fact, which would have been of no concern to the Court, unless the fee was intended to be paid out of the fund which had been brought under the control of the Court by the action of the plaintiff. We think it clear, therefore, that the question was concluded by the order of Judge Townsend, and that Judge Witherspoon erred in disregarding that order.

But in addition to this, and aside from the order of Judge Townsend, we think there was error upon the part of Judge Witherspoon in the view which he took of the nature of the case, induced, no doubt, by a misapprehension of the facts of the case, with which he could not have been as familiar as those who have the advantage of fuller information. This Court, or rather a majority of the members thereof, having heard the case fully and at length, have better opportunities of ascertaining the real nature of the case than any Circuit Judge could have, when it was presented to him simply upon the report of the master, after the main issues had been determined, as to what should be done to carry into effect the previous decision of this Court. As we understand it, the action was originally instituted by the

plaintiff for the purpose of subjecting certain real estate of
Josiah I. Perry, which had descended to his heirs, and was
in their exclusive possession, to the payment of his debts,
and it was brought by the plaintiff as a creditor for the
benefit of himself and all other creditors who chose to come
in, contribute to the expenses, and share in its fruits. It
was, practically, a creditor's bill, under which the real estate,
descended and in the hands of the heirs of said Josiah I.
Perry, was brought under the control of the Court, and
subjected to the payment of such debts. It was, therefore,
just such a case as entitled the plaintiff to have his counsel
fee paid out of the common funds which, by his action, had
been brought into Court, and subjected to the payment of
the debts due the creditors according to their respective
rights. It was not until after the original action had been
commenced that the controversies arose, or could have
arisen, amongst the creditors as to their relative priorities,
which are spoken of as constituting the "main issues" in
the case. Such controversies may, and frequently do, arise
amongst creditors who are called in to prove their demands
under a creditors' bill, but we do not understand that this
deprives the action of its original nature or attributes and
incidents. It is true, that the main *litigation* in this case
was between the creditors as to their relative priorities, and
possibly that circumstance might have weight in ascertain-
ing the *amount* of the fee with which the common fund
should be chargeable (though we are not to be understood
as so deciding), but here there is no question as to the
*amount* of the fee, and hence the point indicated cannot
arise. Indeed, we think that the whole difficulty in this
case has arisen from the fact that the heirs of Josiah I.
Perry, against whom the plaintiff succeeded in his action,
are the same persons in fact, though not so in the eye of
the law, as the beneficiaries under the J. Lamb Perry judg-
ment, whose judgment has been given priority over the
plaintiff's judgment in the distribution of the common fund
brought into Court by the action of the plaintiff. But this

circumstance cannot possibly have the effect of changing the nature of the plaintiff's action or any of its incidents.

It seems to us, therefore, that Judge Witherspoon erred in holding, even if it were an original question, unaffected by the order of Judge Townsend, that the plaintiff was not entitled to have his disbursements, including his counsel fee, paid out of the common fund before the same could be paid to the creditors.

The judgment of this Court is, that the judgment appealed from be reversed.