18257

CROWN CENTRAL PETROLEUM CORPORATION, Respondent, v. ELMWOOD PROPERTIES, Mutual Properties, Inc., United Bond and Mortgage Corporation, Perpetual Building and Loan Association of Columbia, Interstate Truck Stops, Charles F. Cooper, Claudia P. Broome and Wallace A. Perry, individually or as an Officer or Director of any of the foregoing corporate defendants; and Milledge T. Pitts, of whom Elmwood Properties and Charles F. Cooper are, Appellants.

(138 S. E. (2d) 38)

*Messrs. Milledge T. Pitts* and *Charles F. Cooper,* of Columbia, *for Appellants,*

*Messrs. Irvine F. Belser, Clinch Heyward Belser* and *Belser, Belser & Baker,* of Columbia, *for Respondent,*

*Messrs. Milledge T. Pitts* and *Charles F. Cooper,* of Columbia, *for Appellants, in Reply,*

September 2, 1964.

BUSSEY, Justice.

For the sake of brevity, the various corporate entities which are parties to the action will be referred to simply by the first words appearing in their respective corporate names.

The respondent Crown, on January 18, 1962, instituted the present action in the Court of Common Pleas for Richland County to set aside, as allegedly fraudulent, collusive and preferential, under the Statute of Elizabeth, Code Section 57-301, and the statute against unlawful preference, Code Section 57-351, two certain judgments of appellant Elmwood, Roll No. 52850 and Roll No. 52984; to restrain defendants from instituting any further action with respect to the properties herein involved except by proceeding in an action then pending in the same court; to enjoin defendants from proceeding further in certain actions then pending between some or all of them; to have judgment against appellants and other defendants for counsel fees; and for other relief.

From an order of the circuit court confirming the master's report and adjudging the aforementioned judgments of Elmwood fraudulent, collusive, preferential, null and void as to Crown; holding that all claims of Crown against Mutual were entitled to priority over certain claims of Elmwood; holding that Crown was entitled to an allowance of costs and attorneys fees to be paid out of the proceeds of

sale of the property involved; and referring the cause back to the master to determine the amount and manner of payment of such attorneys fees, Elmwood and the individual defendant Cooper appealed.

The disposition of this appeal should culminate a long series of maneuvers by the individual defendant Cooper, including multifarious litigation, either caused to be instituted or made necessary by the defendant Cooper, all in an effort to prevent Crown from collecting monies lawfully owed it by Mutual. We shall not here undertake to recite all of the facts reflected by the record or set forth in chronological order everything which happened. We confine our statement of the facts to the bare essentials necessary to an understanding of the decision.

The corporate defendants involved, other than Interstate, that is to say, Elmwood, Mutual, United and Perpetual, are all corporations owned and/or controlled by Cooper and members of his immediate family, Cooper being the dominant officer thereof. Mutual was the owner of various parcels of real estate, including a filling station site, which is involved in this action and with respect to which there was a lease agreement between Crown and Mutual. On August 24, 1954, a note and mortgage executed by Mutual to Perpetual covering the real estate involved in this action and various other parcels, was duly recorded. On August 14, 1958, at which time Mutual was substantially indebted to Crown, Mutual conveyed substantially all of its properties, including the subject property, to United, at which time Perpetual executed a release of the property from the lien of its mortgage, which release was duly recorded. Thereafter, on February 5, 1960, Crown obtained a judgment against Mutual for $10,632.32, execution upon which judgment was returned *nulla bona*. Crown then instituted a creditors suit on behalf of itself and others against Mutual and United seeking, among other things, to set aside the conveyance of August 14, 1958, and, at least as to the property here involved, the conveyance was set aside as fraudulent by a

decree of the court dated August 24, 1961. There was no appeal from this decree, which provided for entry of an implementing order to effect the sale of the subject property, the disbursement of the proceeds and the satisfaction of Crown's judgment.

Crown then, on September 12, 1961, served notice of intention to move before the court for such implementing decree and attached to said motion a copy of a proposed decree which was thereafter signed on September 27, 1961, said decree providing, among other things, for judgment against Mutual and United in the amount of $18,517.39, which amount included the earlier judgment as well as the accrual of additional items; for the sale of the property, and for the distribution of the proceeds of sale. While the last mentioned motion was pending, Cooper, on September 16, 1961, caused to be instituted an action in the County Court of Richland County by Perpetual against Crown, Mutual and United in which it was sought to restore retroactively the lien of the 1954 mortgage which had been released of record in 1958. The complaint alleged that Perpetual owned said note and mortgage. This action was transferred to the court of common pleas as being beyond the jurisdiction of the county court and was not further pursued.

On September 22, 1961, Elmwood brought action, and promptly obtained a consent order for judgment, against Mutual and United in the total sum of $92,444.58, said judgment being based upon the aforesaid note and mortgage of 1954 and being judgment No. 52850 here involved. Crown had no notice of this action, although it had filed a *lis pendens* against the subject property in connection with the creditors' suit. On September 26, 1961, Cooper then caused an action to be brought by Elmwood against Mutual and United, promptly obtaining a consent order for judgment resurrecting the lien of the 1954 mortgage again without notice to Crown, this judgment being No. 52984 here in issue. In all of the last three mentioned actions Cooper verified the answers of the corporate defendants which in each instance

admitted the allegations of the respective complaints as being true; one of the complaints alleging that the 1954 note and mortgage were owned by Perpetual and the other two alleging that such were owned by Elmwood, both corporations under his control.

All three of these actions were hastily brought, the last two secretly and collusively, in an effort to get a judgment or judgments of record in favor of one or another of the Cooper controlled corporate entities ahead of the implementing decree which Cooper knew was about to be filed in the creditors suit, and for the purpose of defeating or delaying a sale of the subject property.

Following the entry of the judgments in favor of Elmwood, Cooper either instituted or caused to be instituted on behalf of the corporate entities under his control still other litigation, which we deem it here unnecessary to detail, in an effort to further hinder, delay and vex Crown and its counsel. Suffice it to say that the maneuvers by Cooper (including litigation either instituted by him, caused to be instituted by him, or made necessary as a result of his activities) have caused different phases of this controversy to be passed upon by nearly one half of the Circuit Judiciary of the State, one or more special judges, a judge of the County Court of Richland County, and the Master in Equity for Richland County, who has had the matter before him on several occasions. Among other things, it became necessary for the court to issue a temporary injunction restraining Cooper and the corporate entities under his control from vexatious litigation, and on another occasion to issue an order which, among other things, consolidated the cerditors suit with the present action.

Nevertheless, the subject property was advertised for sale pursuant to the decree of court in the suit for the benefit of creditors and was sold on the 4th day of December, 1961. Interstate was the highest bidder but did not comply with its bid because of the judgments obtained on behalf of Elmwood and the general cloud upon the title to the premises

created by the activities of Cooper and the corporations under his control, following which the instant action was commenced.

This being a suit in equity, findings of fact by a master concurred in by a circuit judge are not to be disturbed on appeal unless it is shown that such findings are either without evidence to support them or are against the clear preponderance of the evidence. *Hayes v. Israel,* 242 S. C. 497, 131 S. E. (2d) 506. We have reviewed the evidence in the case, which is rather voluminous, in the light of the foregoing well established rule and will not undertake to detail it. Except for conflicts in the statements of Cooper himself, there are no other substantial conflicts in the record.

The findings of fact by the master, concurred in by the circuit judge, to the effect that the judgments in favor of Elmwood were collusively and fraudulently entered, are not only fully supported by the evidence but are in accord with the clear weight and preponderance thereof, and it is difficult to see how a trier of fact could have possibly arrived at any other conclusion. It is further apparent that the intent and purpose of the entry of these judgments was solely to delay, hinder and defraud Crown of its just and lawful actions and claims. The circuit court, therefore, quite correctly held that the said judgments were void as to Crown under the Statute of Elizabeth, Code Section 57-301.

Although both the master and the circuit judge apparently concluded that such judgments were in effect an unlawful preferential assignment in violation of Code Section 57-351, the circuit judge did not hold the said judgments void as to any party other than Crown, thus restricting the actual holding to the provisions of the Statute of Elizabeth, Code Section 57-301.

In addition to its judgment, Crown filed claims against Mutual in the creditors action totaling $10,879.70, covering

certain items of alleged indebtedness apparently accruing during the pendency of the litigation. Elmwood, at virtually the last possible moment, filed two claims in the creditors suit, one in the amount of $92,444.58, based on the 1954 note of Mutual hereinabove referred to; and another in the amount of $2,256.67, based on a judgment allegedly assigned to Elmwood, the validity of which is in dispute, but not in issue on this appeal.

The circuit judge held that out of the proceeds of the property all claims of Crown, including its claim for attorneys fees and costs, should have priority over the aforesaid claims of Elmwood filed in the creditors suit. Had it not been for the activities of Crown and its diligence in pursuing the matter, successfully setting the deed from Mutual to United aside, and bringing into the court the property in question, despite the efforts of Cooper in opposition, there would be no assets in the hands of Mutual with which to pay any of its creditors. Under these circumstances, it is well settled, we think, that all claims of Crown are entitled to priority over the claims of Elmwood. *Ex Parte Roddey,* 171 S. C. 489, 172 S. E. 866, 92 A. L. R. 1430; *Gardner v. Coker,* 184 S. C. 190, 192 S. E. 151.

Appellants assert error with respect to the holding of the circuit judge as to the entitlement of Crown to recover counsel fees. We quote the following from the order of the circuit court thereabout:

"I am of the opinion, and so hold, that the plaintiff is entitled to have judgment against the defendants, Elmwood Properties, Mutual Properties, Inc., United Bond and Mortgage Corporation, Perpetual Building and Loan Association and Charles F. Cooper, for counsel fees for its attorneys and the same should be paid out of the proceeds of sale."

and further,

"That after said sale (to Interstate Truck Stops pursuant to its bid or otherwise) this cause be referred to the master of Richland County to take the testimony and to report his

findings and recommendations to the Court with respect to the allowance of costs and attorneys fees for counsel for the plaintiff in this litigation."

That Crown is equitably entitled to recover reasonable attorneys fees incurred in recovering the property and protecting it from the vexatious litigation, for the benefit of itself and other creditors of Mutual, payable from the common fund thus created, preserved and protected, is well settled. See *Petition of Crum,* 196 S. C. 528, 14 S. E. (2d) 21; *Lawton v. Perry,* 45 S. C. 319, 23 S. E. 53; *Wagener v. Mars,* 27 S. C. 97, 2 S. E. 844; *State ex rel. Daniel v. Broad River Power Co.,* 164 S. C. 208, 162 S. E. 74.

The respondent argues that, in addition to the allowance of a reasonable counsel fee out of such common fund, it is entitled to recover judgment against appellants for counsel fees because of the fraudulent, collusive, malicious and vexatious litigation to which Crown was subjected. We do not pass upon this contention as the circuit court did not expressly pass upon this precise issue. Moreover, the issue might well become moot upon the conclusion of the sale and disbursement of the proceeds. The proceeds of the sale may very well be sufficient to pay all claims of Crown, including reasonable counsel fees incurred in bringing the property into court, protecting it from vexatious litigation, and effecting a sale thereof. Should the common fund prove insufficient to pay reasonable and adequate counsel fees, in addition to Crown's other claims, the issue of whether Crown is entitled to recover such fees, other than from the common fund, will still be before the master under the pleadings and the circuit decree.

Appellants also appealed from the order of the circuit judge settling the case on appeal. We see no error of the circuit judge in this respect but have reviewed the matter inserted by way of appendix in the transcript of record, which appellants contend should have been included in the

case on appeal. Nothing therein contained alters the views hereinabove expressed. All exceptions are totally without merit and the judgment of the lower court is affirmed.

·Affirmed.

TAYLOR, C. J., and MOSS, LEWIS and BRAILSFORD, JJ., concur.