MARQUETTE CORPORATION, Plaintiff,

v.

Hugh W. PRIESTER, d/b/a Priester Furniture Company, Defendant.

ALBION DIVISION, McGRAW EDISON COMPANY, Plaintiff,

v.

Hugh W. PRIESTER, d/b/a Priester Furniture Company, Defendant.

Civ. A. Nos. AC-1097, AC-1112.

United States District Court
E. D. South Carolina,
Aiken Division.

Oct. 29, 1964.

Jefferies, McLeod, Unger & Fraser, Walterboro, S. C., for plaintiffs.

Sol Blatt, Jr.; Barnwell, S. C., for defendant.

HEMPHILL, Chief Judge.

Receiver of default judgment debtor, moves, in accordance with Rule 60(b) (4) and (6) of the Federal Rules, to vacate and set aside two default judgments rendered against the party in receivership on the "grounds that said judgments are void and fraudulent insofar as the other creditors of the insolvent debtor, Hugh W. Priester, are concerned."

One judgment entered in favor of Marquette Corporation on May 23, 1963 is in the amount of $10,787.15, plus costs;

and the other judgment entered in favor of Albion Division, McGraw Edison Company on May 21, 1963 is in the amount of $19,043.44, plus costs.

The facts upon which this motion is based are as follows: On April 11, 1963, an action was brought in the Court of Common Pleas for Allendale County, S. C., in which approximately twenty-five creditors joined against Hugh W. Priester, d/b/a Priester Furniture Company, alleging Priester insolvent; prayed for was the appointment of a general Receiver and a Receiver pendente lite for all his assets. At the time of the institution of the receivership action there were many suits pending against Priester in the Court of Common Pleas for Allendale County, in substantially all of which he had employed counsel who either had filed answers, or secured extensions of time in which to answer, so that default judgment would not be had.

On July 8, 1963, the Honorable W. L. Rhodes, Jr., Resident Judge of the Fourteenth Judicial Circuit, refused the motion for receivership pendente lite pending a determination on the merits of the action for the appointment of a general Receiver, but he restrained Priester from disposing of any assets except in the usual and customary mode of business. Prior to the Order of Judge Rhodes, on May 21st and May 23rd, because of the failure of counsel to answer or secure an extension of time, default judgments were take against the insolvent Priester in the actions about which this Court is now concerned.

On November 16, 1963, when the receivership motion was heard on its merits, Judge Rhodes ordered that Johnston Lee Crapse be appointed Receiver for the insolvent debtor and further directed the Receiver to have counsel move to set aside the default judgments obtained, which are now in issue. In accordance with this Order, two counsel were appointed to represent the Receiver, but because of a conflict of interest, one did not undertake the employment.

Because the insolvent debtor had secreted his assets and did not deliver same to the Receiver pursuant to Judge Rhodes' Order, the full time of the Receiver and his counsel was spent searching for these assets located in many diverse places around the State of South Carolina. (As a result of this disobedience of the Court Order, insolvent Priester was found guilty of contempt of Court and sentenced to four months in jail on August 4, 1964.)

Counsel for movant allege that as a result of great amount of time required in connection with the contempt proceedings and the work involved in searching for the secreted assets, Receiver and his counsel did not have an opportunity at an earlier date to pursue the motion now before this Court. Further alleged is that for the past several months counsel for the Receiver, Hugh O. Hanna, Esq., of the Hampton Bar, has been incapacitated because of bad health, and that he remained under the constant care of his doctor. Because of Mr. Hanna's physical condition, present counsel was appointed by the Court, and approximately three weeks thereafter this motion was filed.

It appears there was an "understanding" among counsel for the various creditors at the time of the sounding of the roster for the term of Court of Common Pleas in Hampton County in April 1963 that their claims would not be set for trial, "nor any effort made to reduce same to judgment until all possibilities of settlement had been exhausted." Also, eleven creditors' claims, all represented by one counsel, were nevertheless reduced to judgment in June 1963 because the two judgments, which are the subject matter of this motion, were entered in May 1963. However, counsel for the eleven judgment creditors, by affidavit, has stated his "willingness to set aside the judgments * * * obtained if all other creditors holding judgments likewise do so to the end that there be no preferred creditors in the Receivership proceeding now pending * * * against Hugh H. Priester, d/b/a Priester Furniture Company * * *." [Aside from the judgments referred to above, there are only three other judgments lodged in

## 802

the State Court. Efforts are presently being made by counsel for the Receiver to have them set aside as well, on substantially the same basis as the judgments being attacked here.]

The first question to be decided is whether or not movant can properly proceed under Rule 60(b), which provides as follows:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. * * * "

■ It is apparent on the face of the papers before the Court that the default judgments in question were entered in May 1963 and that this petition was not filed until August 14, 1964. The "one year" limitation, therefore, applies without question to reasons (1), (2), and (3) above. The Court is powerless to ex-

tend it. Federal Deposit Ins. Corp. v. Alker, 30 F.R.D. 527, 529 (E.D.Pa.1962).

■ Movant has made his motion in accordance with clauses (4) and (6) which are not subject to the "one year" limitation. Clause (4), which deals with relief from void judgments, has no real time limit. 3 Barron and Holtzoff, Fed. Prac. & Procedure (Wright Ed. 1958) § 1327; Crosby v. Bradstreet Company, 312 F.2d 483, 485 (2nd Cir. 1963), cert. den. 373 U.S. 911, 83 S.Ct. 1300, 10 L. Ed.2d 412.

■ Under clause (4) "the only question for the court is whether the judgment is void; if it is, relief from it should be granted." Austin v. Smith, 114 U.S.App.D.C. 97, 312 F.2d 337, 343 (1962). This is to be determined by the law of South Carolina.

Movants rely primarily on §§ 57–301 and 57–351, South Carolina Code, 1962. The former, sometimes called the Statute Elizabeth, provides that conveyances to defraud creditors are void and the latter that assignments by insolvent debtors giving priority or preference are void. The question to be determined is whether a debtor, who has a substantial number of outstanding debts, in many of which suits have been filed, and debtor, while asking the greater majority of creditors to extend time for answering, and otherwise delays institution of judgment, allows two other creditors to take default judgment, has so acted as to make the default judgments entered equivalent of a conveyance to defraud creditors or an assignment by an insolvent giving an invalid priority or preference? In other words, was debtor's allowing two creditors to take a default judgment, under all the circumstances, the equivalent of a preferential assignment or conveyance to defraud creditors? [1]

There are two South Carolina cases which are relatively close to being in point; one very recent. Crown Cent. Pet. Corp. v. Elmwood Properties, S.C.,

1. As Bacon so aptly stated: *Prudens quaestio dimidium scientiae.* [L.]

The half of knowledge consists of being able to put the right questions.

138 S.E.2d 38, held that where an individual who controlled two of the defendant corporations involved allowed one of the corporations to acquire a judgment against the other, collusively and with intent to defraud creditors, that said judgments were void under the Statute Elizabeth. Sloan v. Hunter, 56 S.C. 385, 34 S.E. 658, 660, involved a confession of judgment which was held not to be violative of the Statute Elizabeth because a bona fide creditor was being secured thereby and the "testimony [did] not justify an inference of fraud against other creditors."

■ It does not appear that under the Statute Elizabeth or the statute making assignments for the benefit of creditors void, that these judgments can properly be set aside because there is no showing here that the judgment creditors participated in the male fides of the debtor, to whatever extent bad faith does appear. See McElwee v. Kennedy, 56 S.C. 154, 34 S.E. 86, 91, 92. However, there is no good reason why, under all the circumstances here appearing, these judgments entered in this Court should be allowed to stand when the plain language of Rule 60(b) (6) exists.

Rule 60(b) (6) gives the Court power to "vacate judgments whenever such action is appropriate to accomplish justice. Klapprott v. United States, 335 U.S. 601, 614–615, 69 S.Ct. 384, 93 L.Ed. 266." L. M. Leathers' Sons v. Goldman, 252 F.2d 188, 190 (6th Cir. 1958). The problem facing the Court is: are the circumstances such that the setting aside of these default judgments will accomplish justice?

■ It goes without saying that finality of judgments is an important foundation of our system of jurisprudence. Accordingly, a Court should be loath to overturn a judgment unless relief is compelled by unusual or exceptional circumstances. Federal Deposit Ins. Corp. v. Alker, 30 F.R.D. 527, 531 (E.D.Pa.1962). But, once the proper circumstances are found, the rule should be given a liberal construction, Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 245 (3rd Cir.

1951), to the end that justice is accomplished.

■ The Court concludes that justice cannot be accomplished when a man is allowed to hold a group of diligent creditors at bay while allowing others to take judgment by default. And this applies regardless of the intention entertained by the judgment creditor.

It is axiomatic in South Carolina that a debtor must be just before he is generous. Gardner v. Kirven, 184 S.C. 37, 191 S.E. 814, 816. This Court is not saying expressly or by implication that the judgment creditors here were favored by "generosity" when debtor-Priester allowed them to enter default judgments. But, the substance of that which actually happened is that they were given a preference by these judgments which is a mockery of fairness.

■ Accordingly, the Court finds that the circumstances here are such that Rule 60(b) (6) should be invoked and that all factors being considered, this motion has been made within a "reasonable time" within the meaning of the Rule. See 3 Barron and Holtzoff, supra, § 1329.

Therefore, the two judgments in question are hereby set aside with provision that judgment creditors be allowed to participate as and in the manner of all other creditors, and have leave and direction of this Court to file such claims as and if originally filed with the Receiver, and without prejudice because of passage of time.

Counsel for judgment creditors are to be commended for diligence exhibited, culminating in the defaults subject of this action. This decision, seeking justice, is in no wise critical. This Court is mindful of their professional application. Accordingly, Receiver is directed to pay, as reasonable attorneys fees for services rendered in pursuit of their cause, the sum of $1500.00 out of any funds in hands of said Receiver.

In accordance with 28 U.S.C. § 1292 (b), the Court hereby certifies that it is of the opinion that the within order involves controlling questions of law as to

which there are substantial grounds for difference of opinion and that an immediate appeal from the within order of the Court may materially advance the ultimate termination of the litigation; and that either party should have the opportunity to apply to the Court of Appeals for the Fourth Circuit for permission for an appeal to be taken from such order if either should so desire. Should such application for an appeal be made by either party and such permission be granted by the Court of Appeals, then further proceedings in this case shall be stayed until a determination of the appeal.

And it is so ordered.