**44**

**Larry KILLENS, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 5058.**

District of Columbia Court of Appeals.

Argued Dec. 16, 1969.

Decided March 13, 1970.

Sol Rosen, appointed by this court, for appellant.

Terry P. Segal, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry and Herbert B. Hoffman, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and KELLY and GALLAGHER, Associate Judges.

PER CURIAM.

Appellant and another man were convicted of maliciously injuring property [1] and attempted petit larceny.[2] There was ample evidence to sustain a finding that appellant and his companion had damaged a cigarette vending machine in an attempt to steal the contents of the machine. The only claim of error meriting discussion is the claim there was no proof of ownership of the machine by D. C. Vending Company as alleged in the information.

The machine was located in the lobby of a post office maintenance facility. A post office employee, the foreman of night collections and a witness for the prosecution, when asked if the vending machine was owned by the post office replied: "No, this machine was owned by the D. C. Vending Company of Silver Spring, Maryland." No objection was made to this testimony but it is now claimed that the answer was hearsay and as such was insufficient to prove ownership.

The answer purported to be based on the witness' own knowledge and therefore was not hearsay. If defense counsel suspected the answer was based on hearsay, he should have explored the matter on cross-examination. It was not the duty of the court to inquire into the source of knowledge behind a stated fact. Sloan v. Hunter, 56 S.C. 385, 34 S.E. 658 (1900). The unequivocal testimony of the witness, in no way discredited, was sufficient to prove ownership.

Affirmed.

1. D.C.Code 1967, § 22–403.

2. D.C.Code 1967, §§ 22–103 and 22–2202.