ELLEN v. ELLEN.

A Circuit Judge has power at chambers to grant an order permitting an amendment of the complaint.

Before PRESSLEY, J., Marion, June, 1886.

This was an appeal from an order granted by the Circuit Judge at his chambers in Darlington on June 9, 1886, granting leave to plaintiff to amend his complaint. The complaint and answer were filed in 1882. Defendant appealed upon the following exceptions:

1. Because his honor, Judge Pressley, at chambers had no authority of law to grant the order allowing plaintiff to amend his complaint. Such orders can only be made in open court.

2. Because, after the pleadings are made up and after the time expires as limited by law to amend pleadings of course, no amendment can then be allowed except in open court, and in furtherance of justice, upon the merits of the case, and then only at the discretion of the Circuit Judge.

*Messrs. W. W. Sellers, C. P. Townsend,* and *C. A. Woods,* for appellant.

*Messrs. Johnson & Johnson,* and *W. W. Harllee,* contra.

February 14, 1887.   The opinion of the court was delivered by

Mr. CHIEF JUSTICE SIMPSON.   In this case his honor, Judge Pressley, at chambers, granted the plaintiff leave to amend his complaint by inserting therein a demand that the land described in the complaint be sold for the payment of the judgment and execution of the plaintiff against Clark, administrator.   This leave was granted upon the proper notice to the defendant.   The defendant appeals, raising the question that his honor had no power to grant this motion at chambers.   And this is the only question in the case.

We think that section 2112 of General Statutes is conclusive of this question.   That section provides in terms: "That the Circuit Courts shall be deemed always open for the purpose of issuing and returning mesne and final process and commissions, and for making and directing all interlocutory motions, orders, rules, and other proceedings whatever, preparatory to the hearing of all cases pending therein upon their merits.   And it shall be competent for any judge of the said courts, upon reasonable notice to the parties, in the clerk's office or at chambers, and in vacation as well as in term time, to make, direct, and award all such process, commissions, and interlocutory orders, rules, and other proceedings, whenever the same are not grantable of course according to the rules of the court."

This section, it is true, does not expressly give to a judge at chambers the power to amend a complaint, but we think the general power given to make, direct, and award process, commissions, and interlocutory orders, and other proceedings whatever, preparatory to the hearing of all cases pending in the courts, necessarily includes the power to amend a complaint.   The terms *other proceedings whatever* are very broad and extensive, and no doubt were intended to include all orders necessary to prevent delay at the hearing.   No doubt, under section 195 of the Code, the court could hear a motion to amend, either before or after judgment, at the trial of the cause, but this might lead to delay, and it does not follow that because such power is given to the court at the trial, a judge before the trial and at chambers should be ex-

cluded from hearing such motion preparatory to the hearing of the cause.

But, independent of this, it seems to us that such power exists under section 402 of the Code, which provides: "1. An application for an order is a motion. 2. Motions may be made to a judge or justice out of court, except for a new trial on the merits." This last subdivision is quite comprehensive. It only excludes motions for a new trial on the merits. The application of plaintiff here was for an order granting leave to amend his complaint. It was made on motion, after due notice to the defendant, for the purpose of preparing the case for an approaching hearing. It was not a motion for a new trial on the merits. We think it was competent for the judge to hear it.

This court in the case of *Edwards* v. *Edwards* (14 *S. C.*, 15) held that a motion for leave to file a supplemental complaint could be made before a judge at chambers under this section, subdivision 2 (then section 417 of the old Code), and we think this case is authority for the motion below.

It is the judgment of this court, that the order below be affirmed.