### TURNER v. FOREMAN.

JUDGMENT—JURISDICTION—CIRCUIT JUDGE—CHAMBERS.—A Circuit Judge has no jurisdiction, *at chambers*, to set aside a judgment on the ground of excusable neglect on the part of defendant—*construing* Code, sec. 402, subd. 2; sec. 195; Rev. Stat., 2247.

Before ALDRICH, J., Aiken, November, 1895. Reversed.

Motion at chambers by J. B. Foreman to set aside judgment obtained against him by W. H. Turner by default. Motion granted. Plaintiff appeals.

*Mr. O. C. Jordan,* for appellant, cites Code, sec. 195; *Turner* v. *Malone,* 24 S. C.,     ; *Gillam* v. *Arnold,* 35 S. C.,     ; *Croker* v. *Allen,* 34 S. C.,     ; *Prince* v. *Dickson,* 39 S. C.,     ; *Charles* v. *Jacobs,* 5 S. C., 348; *Clawson* v. *Hutchison,* 14 S. C.,     ; Code, 402.

*Messrs. Croft & Chafee,* contra, cite Code, secs. 402, 273; 2 Rap. Law Dic., 1293; *Charles* v. *Jacobs,* 5 S. C., 348; *Clawson* v. *Hutchison,* 14 S. C., 517; *Bank* v. *Mellett,* 22 S. E. R., 444; Voorhees' N. Y. Code, sec. 400, sub. 2; *Lawles* v. *Mayor of N. Y.,* 5 Abb., 325; *Main* v. *Pope,* 16 Hun., 271; *Ayer* v. *Caill,* 9 Hun. Pr., 593; *Robinson* v. *Bugen,* 10 Ind., 402.

July 9, 1896. The opinion of the Court was delivered by

MR. JUSTICE GARY. The only question raised by the exceptions in this case is, whether a Circuit Judge has jurisdiction at chambers to grant an order setting aside a

judgment on the ground of excusable neglect on the part
of the defendant.

The facts are as follows: .At the September term (1895)
of the Court of Common Pleas for Aiken County the plain-
tiff recovered judgment by default against the defendant
for the sum of $214.73. The judgment was based upon a
promissory note for $175, given by the defendant to the
plaintiff in March, 1894, for guano then purchased· of the
plaintiff by the defendant. On the 28th of October, 1895,
the defendant obtained a rule against the plaintiff to show
cause why the judgment should not be set aside and the
defendant allowed to come in and answer the complaint.
The rule was returnable on 2d November, 1895, and was
heard upon affidavits.

The ground upon which defendant asked that judgment
be set aside was that the service of the summons and com-
plaint upon the defendant was defective and illegal. On
hearing the return to the rule, his Honor, Judge Aldrich,
granted an order setting aside the judgment, on the ground
of excusable neglect on the part of the defendant, and giv-
ing the defendant leave to answer the complaint, upon cer-
tain conditions mentioned in the order. The respondent
contends that subdivision 2 of section 402 of the Code con-
fers jurisdiction on the Circuit Judge to hear such a ·motion.
The subdivision is as follows: "Motions may be made to a
judge or justice out of court, except for a new trial on the
merits." It may be that, standing alone, this would confer
jurisdiction to hear a motion like this at chambers. The
foregoing provision of the Code must, however, be consid-
ered in connection with other legislation on the subject.
In 1869 an act was passed providing that: "In case a judg-
ment or decree has been, or hereafter shall be, rendered by
a Court of Common Pleas, it shall be lawful for either
party, plaintiff or defendant, to move, before the presiding
judge of the court in which said judgment was obtained,
to vacate or set aside said judgment, upon satisfactory proof
being made to said judge that said judgment is erroneous

and ought to be set aside; and, upon such proof being made, the presiding Judge is hereby authorized to vacate and set aside said judgment, and to order a new trial *de novo*." * * * This statute was incorporated in the Revised Statutes of 1872 as section 2, chapter CV., of part III. (page 497). The Code was also adopted as a part of the act revising the statute in 1872, and the provision hereinbefore mentioned is set out as subdivision 2 of section 417.    In construing the act of 1869 and the said section of the Code, the Court, in *Clawson* v. *Hutchinson*, 14 S. C., 517, decides: 1st. That the only authority a Circuit Judge had for hearing motions for new trials out of court, either upon the merits *or otherwise*, was derived from the act of 1869.    2d.  That the foregoing section of the Code must be construed in connection with the act of 1869, and is a limitation upon the powers of a Circuit Judge to hear a motion at chambers for a new trial *upon the merits*.    Thus showing that the power to hear motions for new trials, *even when not on the merits*, was not derived from the section of the Code.    Therefore, when the act of 1869 was repealed in 1880, Circuit Judges no longer had authority to hear motions at chambers for new trials, either upon the merits *or otherwise*.

This view was in harmony with section 2247 of the Revised Statutes, which specifically defines the powers of a Circuit Judge *at chambers* as follows: "The Judges of the Courts of Common Pleas shall have power at chambers to grant writs of prohibition, *mandamus*, *certiorari*, and to hear and determine motions to set aside or stay executions, in the same manner, in every respect, as if the Court was actually sitting; and with the consent of all such adult parties as may have answered, or their attorneys in a cause, and of the guardians *ad litem* of infants therein, to hear and determine any matter not properly triable before a jury." * * *

It will be observed that no power is conferred to hear motions to set aside *judgments*.    *Bank* v. *Mellett*, 22 S. E. R., 444; *Coleman* v. *Keels*, 30 S. C., 614.    Section 195 of

the Code also tends to show that the Circuit Judge did not have jurisdiction to hear the motion. That section is as follows: "The Court may likewise, in its discretion, and upon such terms as may be just, allow an answer or reply to be made, or other act to be done, after the time limited by this Code of Procedure, or by an order enlarge such time, and upon such terms as may be just; at any time within one year after notice thereof, relieve a party from a judgment order or other proceeding taken against him, through his mistake, inadvertence, surprise or excusable neglect." * * * The *Court* is empowered to do these acts, but not the Circuit Judge at chambers. The spirit of all legislation on the subject is to prevent Circuit Judges at chambers from setting aside *judgments*, thus rendering them unstable and uncertain.

It is the judgment of this Court, that the order of the Circuit Judge be reversed.