FORREST v. CITY COUNCIL OF CHARLESTON.

EQUITY.—DISCONTINUANCE of cause in equity, after framing issue for jury and fixing day for trial, may be ordered on noticed motion and payment of costs by plaintiff, there being no such progress in the cause as to entitle defendant to a decree, and no third party intervening having acquired a right to retention of case.

Before TOWNSEND, J., Charleston, May, 1902.   Affirmed.

Action by John Forrest, M. D., against City Council of Charleston and T. Moultrie Mordecai *et al.,* commissioners of the city orphan asylum.   From order granting discontinuance, defendants appeal.

*Messrs. Geo. H. Moffett, W. A. Holman* and *Mordecai & Gadsden,* for appellants, cite: 60 S. C., 1.

*Mr. Simeon Hyde,* contra, cites: 2 Wait's Prac., 600; 1 Bailey, 262; 1 Speer, 307.

March 31, 1903.   The opinion of the Court was delivered by

MR. JUSTICE JONES.   The plaintiff, a taxpayer and resident in Charleston, brought this action to enjoin the city council of Charleston from appropriating the sum of $5,000 for the support of the inmates of the city orphan asylum and also to restrain the commissioners of said orphan asylum

from contracting any further debts for the support of the said orphan asylum upon the faith of such appropriation, basing his right to such injunction upon the ground that the city orphan asylum is a sectarian institute, under the control of the Roman Catholic Church, and that such an appropriation would be in violation of sec. 9, art. XI., of the Constitution of this State.

After issue joined, defendants, upon motion, under sec. 274 of the Code and rule 28 of the Circuit Court, obtained an order framing an issue to be submitted to a jury to ascertain whether the city orphan asylum is under the direction or control of any church or any religious denomination, society or organization.   The cause was transferred to calendar No. 1 for trial of said issue by a jury, and a day during the term was fixed for trial.   Before the day fixed for trial, upon motion and notice, plaintiff's counsel obtained an order granting leave to discontinue the case on payment of costs. From this order defendants appeal upon three exceptions, which practically raise but one question: Whether it was error to grant discontinuance in a case of equity—after the framing of an issue for trial by jury and a day for trial fixed.   There was no error.   The rule is well settled that a plaintiff may be granted leave, upon payment of costs, to discontinue his suit before verdict, in an action at law, and before decreee, in a suit in equity, where the cause has not so far progressed as to entitle defendant to a decree against plaintiff or a codefendant, and where no intervening party has acquired a right to a retention of the cause. *Branham* v. *Brown,* 1 Bailey, 262; *Johnson* v. *Basguere,* 1 Speer, 307; *Bossard* v. *Lester,* 2 McCord's Eq., 418; *Bank* v. *Rose,* 1 Rich. Eq., 294; *Latimer* v. *Sullivan,* 37 S. C., 120, 15 S. E., 198; 6 Ency. Pl. & Pr., 833, 834.

The judgment of the Circuit Court is affirmed.