6872

### SHELTON v. SOUTHERN RY.—CAROLINA DIVISION.

1. Appeal.—Whether an order granting leave to discontinue a case is appealable depends on whether discontinuance affects any substantial right of appellant.

2. Discontinuance.—That a plaintiff has neglected to appear and be examined under order of court after repeated services of notices and subpoenas does not show the case had so far progressed as to entitle defendant to a judgment dismissing the complaint, and plaintiff may be granted leave to discontinue the case before rule to show cause why plaintiff should not be attached for contempt. Mr. Justice Woods *doubtful.*

3. Ibid.—Jurisdiction—Chambers.—A Circuit judge at chambers has jurisdiction to hear at chambers a motion for leave to discontinue a case.

Before Gary, J., Kershaw, March, 1907. Affirmed.

Motion to discontinue in William J. Shelton against Southern Railway-Carolina Division and Southern Railway. From order granting leave to discontinue, defendants appeal.

*Messrs. B. L. Abney and E. M. Thompson,* for appellants. *Mr. Abney* cites: *As to right of discontinuance:* Code of Proc., 391, 392, 395; 60 S. C., 177; 3 McC., 558; 1 Sp., 329; 1 Rich. Eq., 294; 65 S. C., 500. *Appellants are entitled to have contempt punished:* 49 S. C., 208; 69 S. C., 568; 1 Clarke, 223; 74 Ala., 427; 69 Ia., 77; 25 N. J. L., 209; 4 H. & M., 504; 53 Am. D., 736; 1 Dan. Ch. Pr., 481; 1 Smith Ch., Sec. 62; 19 Am. Dec., 459.

*Messrs. Legare, Holman & Baker,* contra. *Judge may order discontinuance at chambers:* 12 Rich., 697. *Right to discontinue:* 65 S. C., 500.

April 16, 1908. The opinion of the Court was delivered by

MR. JUSTICE JONES. This is an appeal from an order of Judge Ernest Gary, made at his chambers at Columbia, S. C., March 23, 1907, granting plaintiff's motion to discontinue the above cause upon the payment of the costs to be taxed by the clerk.

On the call of the case in this Court, respondent, upon notice, made a motion to dismiss the appeal on the ground that such order is not appealable. The appealability of the order depends upon whether the order is a mere order of discontinuance, not affecting any substantial right of appellant, or whether such order deprives appellant of some substantial right.

A's the determination of this question is involved in the consideration of the appellants' grounds of appeal, we proceed to consider the exceptions.

The general principle of law applicable to discontinuances is thus stated in *Forrest* v. *City Council of Charleston,* 65 S. C., 501, 43 S. E., 952: "The rule is well settled that plaintiff may be granted leave, upon payment of costs, to discontinue his suit before verdict, in an action at law, and before decree, in a suit in equity, where the cause has not so far progressed as to entitle defendant to a decree against plaintiff or a co-defendant, and where no intervening party has acquired a right to a retention of the cause. *Branham* v. *Brown,* 1 Bail, 262; *Johnson* v. *Basguere,* 1 Speer, 307; *Bossard* v. *Lester,* 2 Mc-Cord's Eq., 418; *Bank* v. *Rose,* 1 Rich. Eq., 294; *Latimer* v. *Sullivan,* 37 S. C., 120, 15 S. E., 198; 6 Ency. Pl. & Pr., 833, 834."

The appellants recognizing this rule contend that the cause had so far progressed that it would deprive them of a substantial right to allow a discontinuance. A brief statement of the status at the time of the discontinuance will be necessary.

Plaintiff commenced the action August 7, 1906, to recover damages for personal injuries alleged to have been sustained

by him February 24, 1905, while a passenger on defendant's train by derailment thereof as the result of defendant's alleged negligent and wilful conduct. The case was transferred to the United States Court, and thereafter remanded to the Court of Common Pleas for Kershaw County.

On September 7, 1906, defendant applied to Judge R. W. Memminger, presiding at that time in the Fifth Circuit, for an order requiring plaintiff to attend before him at his chambers in the City of Columbia, Richland County, at a time to be named by his Honor, for the purpose of being examined as a witness in said cause. The order was granted, requiring plaintiff to so attend on September 14, 1906. The application was made and the order granted under Sections 391, 392, 393, 394 and 395 of the Code of Civil Procedure. On September 15, 1906, Judge Memminger referred the matter of taking the testimony and examination of said witness to R. W. Shand, Esq., with the same power and authority as if the examination were had before his Honor, and directed that the examination be commenced on September 19 or 20 and continued from day to day until completed.

Acting under said order, R. W. Shand, referee, appointed several times for the taking of said examination, notice of which was served on the plaintiff, W. J. Shelton, and the plaintiff was subpœnaed as a witness to appear, his fees as such witness were tendered him, he was given opportunity to excuse default, but failed to appear for the purpose of the examination under circumstances which satisfied the said R. W. Shand that the witness was trying to evade all process, rules or notice.

The trial having been fixed for October 1, 1906, in the Court of Common Pleas for Kershaw County, referee Shand filed his report on September 29, together with the original order of the Court and the minutes of the proceedings, including all the notices, affidavits and rules to show cause. By consent, the case was continued until the

next term of Court. In the meantime plaintiff applied to Judge Ernest Gary at chambers for the order of discontinuance now appealed from.

The appellants contend that the granting of the discontinuance operated to deprive them of applying to the Court under Section 395 of the Code of Procedure for an order striking out the complaint as a punishment for the plaintiff's contempt in refusing to testify before R. W. Shand under the order of the Court, which was a substantial right that had accrued to defendants under Section 395, Code of Procedure.

That section provides that when a party refuses to testify in the manner prescribed in the four preceding sections "he may be punished as for a contempt, and his complaint, answer or reply may be striken out."

We do not think that this situation brings the case within the limitations of the general rule, as stated above, in the case of *Forrest* v. *City Council of Charleston,* 65 S. C., 501, 43 S. E., 952. It does not conclusively appear upon the record that the plaintiff had been guilty of any contempt of Court, because he had not been served with the rule to show cause why he should not be attached for contempt, and no judgment in contempt had been rendered against him. It not appearing that the cause had so far progressed as to entitle defendant to a judgment against plaintiff, appellant's contention can not be sustained under the rule stated in the Forrest case.

Appellants next contend that Judge Gary had no jurisdiction at chambers to pass the order of discontinuance. Article V, Section 25, of the Constitution provides: "The judges of the Circuit Courts shall have such jurisdiction at chambers as the General Assembly may provide." Section 402 of the Code of Procedure provides: "2. Motions may be made to a judge or justice out of court, except for a new trial on the merits."

Under this porvision it was held in *Edwards* v. *Edwards,*
14 S. C., 15, that a motion for leave to file a supplemental
complaint could be made before a circuit judge at chambers,
and in *Ellen* v. *Ellen,* 26 S. C., 99, 1 S. E., 413, the Circuit
Judge had power to grant an order permitting an amend-
ment to the complaint. In the last mentioned case the
Court said: "This last subdivision is quite comprehensive.
It only excludes motions for a new trial on the merits."
This language is doubtless too broad and this provision of
the Code must be construed with other statutes bearing on
the subject as declared in *Turner* v. *Foreman,* 47 S. C., 32,
24 S. E., 989, which held that a judge at chambers had no
power to set aside a judgment.

Section 2738, Vol I, Code of Laws, 1902, provides:
"Every circuit judge in this State shall at all times have
jurisdicition to discharge and perform all the duties of his
office within the circuit wherein he resides, except the hold-
ing of Circuit Courts therein, when some other circuit judge
shall be engaged in holding said courts."

Judge Ernest Gary was within his own circuit when he
granted the order appealed from, and the County of Ker-
shaw is within his circuit.

Section 2737 provides: "Every judge, while holding
the Circuit Court for any circuit pursuant to the provisions
of the law of this State, shall be invested with powers equal
to those of the judge of such circuit, and may hear and
determine all causes and motions and grant all orders in
open court or at chambers which it is competent for the
judge residing in such circuit to hear, determine or grant,
any law, usage or custom to the contrary notwithstanding."

Section 2736 provides: "The Judges of the Court of Com-
mon Pleas will have power at chambers to grant writs of
prohibition, *mandamus* and *certiorari,* and to hear and de-
termine motions to set aside or stay execution in the same
manner, in every respect, as if the Court were actually sit-
ting; and with the consent of all such adult parties as may

have answered, or their attorneys, in a cause, and of the guardian *ad litem* of infants therein, to hear and determine any matter not properly triable before a jury; and the parties respectively shall have the same right of appeal as if the decision was made in open Court. They may hear and determine actions for partition and foreclosure suits, when not contested, either within or without the county where the land in question lies, and may grant all writs and processes in such actions at chambers in like manner and with the same effect as are now granted in term time, with the consent of all such adult parties as may have answered, or their attorneys, and of the guardian *ad litem* of infants therein."

Section 2733 provides: "The Circuit Courts shall be deemed always open for the purpose of issuing and returning mesne and final process and commissions, and for making and directing all interlocutory motions, orders, rules and other proceedings whatever, preparatory to the hearing of all causes pending therein, upon their merits; and it shall be competent for any Judge of the Circuit Courts, upon reasonable notice to the parties, in the clerk's office or at chambers, and in vacation as well as in term, to make, direct and award all such process, commissions and interlocutory orders, rules and other proceedings, whenever the same are not grantable, of course, according to the rules and practice of the Court."

While these sections do not in terms provide for hearing a motion at chambers for leave to discontinue, the general chambers' powers granted involve this particular power, and the limitations above provided do not exclude it. We do not think that the limitations imposed by these sections should be construed to deny to a Circuit Judge power to grant at chambers leave for discontinuance.

Under the practice prevailing before the adoption of the Code a Judge at chambers had such power. *Gamble* v. *Jenkins,* 12 Rich., 692. This practice will harmonize with the Code of Procedure and is salutary, as it tends to speed

the disposition of causes and prevent the trouble and expense that preparation for trial might entail, if in every instance discontinuance would have to be ordered in open Court. Such motions, as a rule, are grantable as matter of course.

The judgment of the Circuit Court is affirmed.

MR. JUSTICE WOODS, *dissenting.* I do not think the plaintiff could discontinue without the consent of the defendant, until the defendant's alleged right to have the complaint stricken out had been passed on by the Court. If the right to have the plaintiff adjudged in contempt and to strike out the complaint has accrued to the defendant by reason of the plaintiff's failure to comply with the order of the Court for his examination, it may be, that would be a right to a final determination against the plaintiff of the action. On this point I express no opinion, but it seems to me the defendant is entitled to make the question and have it determined.