## 8763

### ANDERSON v. CITIZENS BANK.

#### (81 S. E. 158.)

MORTGAGES. PLEDGES. PLEDGEE AS BONA FIDE PURCHASER. ASSIGNEE OF MORTGAGE.

1. In a suit to recover a bond and mortgage which plaintiff had assigned to a third person, evidence *held* to show that the defendant bank, which lent money on the security of the bond and mortgage, was a purchaser in good faith without notice of the agreement between plaintiff and her assignee.

2. Where the owner of a nonnegotiable bond and mortgage assigned it, the assignment being recorded, a *bona fide* purchaser without notice from the assignee is protected; the mortgagee being estopped to assert her rights.

Before SPAIN, J., Hampton, February, 1913.    Affirmed.

Action by Anna R. Anderson against the Citizens Bank and another. From judgment for defendants, plaintiff appeals.

*Mr. J. W. Vincent,* for appellant, cites: *Form of decree:* 4 S. C. 292; 16 S. E. 140; Code Civil Proc. 327; 18 Mich. 75. *Assignee has no higher rights than assignor:* 38 S. C. 138; 17 S. E. 465; 26 S. C. 506; 2 S. E. 501; Code Civil Proc. 161; 95 Fed. 55; 53 N. E. 868; 65 S. E. 81; 56 S. E. 676; 76 S. E. 163; 47 S. E. 71; 68 S. C. 246.

*Messrs. Warren & Warren,* for respondents.

March 24, 1914.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

This was an action brought by the plaintiff against the Citizens Bank to recover from it a certain bond and mortgage executed and delivered by J. T. Yarley over real estate to the plaintiff, which, after execution and delivery to her, was by her assigned and delivered to the Hampton County News, and by it duly assigned and delivered to the Citizens

31—97

Bank to secure a loan made by Citizens Bank to Hampton County News. The plaintiff alleges that the Hampton County News Company, a corporation engaged in printing and publishing a newspaper, in 1911, was in need of funds, and attempted to negotiate a loan of $800 from the Citizens Bank, and offered as security therefor a chattel mortgage over its plant, covering all of its property. This was declined by the bank, and the business manager of the Hampton County News Company induced the plaintiff to assign to the news company the bond and mortgage, she was the owner and holder of, against Yarley. She assigned the same to the news company, and the news company assigned and delivered it to the bank and the bank advanced $800 to the news company, and took also a chattel mortgage on its plant. She alleges that the assignment by her to the news company was without consideration, and made solely to assist and accommodate the news company in procuring a loan from the bank. She alleges that, at the time the bank obtained from the news company the bond and mortgage in question, it knew that the assignment by her to the news company was made solely as an accommodation to the news company. Yarley answers that he owes the bond and mortgage in question, and asks that he be allowed to pay into Court the amount due thereon, to be paid out to whoever is entitled to the same. The bank, by its answer duly filed in the case, denies all of the material allegations of the complaint, and alleges that the bond and mortgage in question came into its possession in due course of business, without any notice whatsoever of any claim or interest of any one therein, except the holder thereof, the news company, duly assigned to it by the plaintiff, and that the assignment was on record in register of mesne conveyance for Hampton county, and it denies that plaintiff has any title or interest in the bond and mortgage, and that the same was absolutely assigned by the news company to it (the defendant). At the time of such assignment the news company was the

owner of the bond and mortgage. The cause was referred to J. W. Manuel, Esq., to hear and determine all issues of law and fact, and report the same to the Court. By his report he found according to the contention of plaintiff; upon exceptions to this report, the cause was heard by Judge Spain, and exceptions sustained, and findings of referee in favor of plaintiff were reversed, and decree filed in favor of defendant. From this decree, plaintiff appeals.

The first and second exceptions impute error on the part of his Honor in not finding and stating what facts he found and based his decree on. These exceptions are overruled, as an inspection of the decree shows for itself what exceptions to the referee's report were overruled or sustained, and the findings and decree are plain and unambiguous, and there is no doubt as to what his Honor meant or the effect of his decree.

The other exceptions allege error on the part of his Honor in his findings of fact, and complain of the decree that he made. If his Honor's findings of fact are sustained, then his decree simply carries out the law applicable to his findings of fact. It is incumbent on the appellant to satisfy this Court that the findings of fact were erroneous. Has the appellant done so? The only question of fact to be determined, and which is the pivotal point in this case, is: Did the bank, when it received the Yarley bond and mortgage, have any knowledge or notice, either actual or constructive, of what took place between the plaintiff and Bishop, the business manager of the news company, as to the accommodation character of the assignment of the bond and mortgage by her to the news company? The assignment was made on the 23d day of March, 1911, by the plaintiff, was regular in form, and was not only signed and witnessed, but was duly probated and recorded in register's office. Here we have the news company in possession of the bond and mortgage duly assigned to it, and nothing to show, from an inspection, that any one else was interested in it other than

the holder thereof, the news company, and on March 28, 1911, five days thereafter, it was duly and legally transferred to the bank for value, and we have the testimony of Talley, the cashier of the bank, and who arranged the loan and advanced the money, that he had no notice whatsoever, of any kind, that the bond, mortgage, and assignment were anything other than what it purported to be, to wit, that the news company was owner and holder thereof. It does not make any difference what the understanding was between the plaintiff and the news company, unless notice of that agreement was brought home to the bank, and we agree with his Honor that the bank, its officers, agents, and servants had no such notice, it cannot affect the bank. We think that the evidence conclusively shows that the bank was an innocent *bona fide* purchaser for value without notice of the bond and mortgage, and when the plaintiff parted with her possession of the bond and mortgage, and regularly assigned the same to the news company and put it in the power of the news company to negotiate it as its property, and obtain from the innocent and unwary money upon the faith of it being the property of the news company, then she is estopped, as far as the bank is concerned, in claiming any interest in it. There is nothing in the evidence to have put the defendant on notice and required it to make inquiry. If instruments are not negotiable, a *bona fide* vendee for valuable consideration without notice will be protected. *State Bank* v. *Cox Co.*, 11 Rich. Eq. 344, 78 Am. Dec. 458 ; *Fraser & Dill* v. *Charleston*, 11 S. C. 486.

We concur in the findings of facts of the Circuit Judge, and the appellant has failed to convince us that his Honor was in error in any of the particulars complained of in the exceptions.

All exceptions are overruled, and the judgment of Circuit Court affirmed.

MR. JUSTICE GAGE did not sit in this case.