8878

BECKWITH v. MARTIN.

(82 S. E. 414.)

JUDGES. PRACTICE. JURISDICTION. .

1. A Judge in another Circuit than that in which a cause is pending, has no jurisdiction to make an order in such cause, without evidence to show that there is no Judge in the Circuit where cause is pending.
2. An order should not be made, after default has occurred, extending time within which to answer, without notice to plaintiff.
3. A judgment cannot be vacated or set aside at chambers.
.4. An order of one Circuit Judge cannot be reviewed, modified or changed by another Circuit Judge.

Before SPAIN, J., at chambers in Lexington, February, 1914. Reversed.

Action pending in the Court of, Common Pleas for Abbeville county by Pearl M. Beckwith against W. B. Martin. Plaintiff appeals from an order extending time within which to answer. The facts are stated in the opinion of the Court.

*Mr. Wm. N. Graydon,* for appellant, cites: 6 S. C. 472; Code Civil Proc. 225; 47 S. C. 31; 77 S. C. 85.

July 16, 1914.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from an order of his Honor, Judge Spain, and involves the right of a Circuit Judge, at chambers, and in another Circuit than the one in which action is pending, without notice to the adverse party or his attorney, to grant an extension of time to answer the complaint, long after the time has expired, and to set aside orders made by the Court in the cause. The action between the parties was for specific performance of a contract. The defendant gave notice of a motion to transfer the case to another county for trial. This motion was refused and notice of appeal was duly given, but the appeal was never perfected and was dismissed by the clerk of the Supreme Court under rules 1 and 2. The action was commenced in March, 1913, and no answer served. In February, 1914, nearly a year after commencement of the action, Judge Spain, then presiding in Lexington county, without notice to the plaintiff or her attorney, passed an order extending the time to answer until the 20th of February, 1914, and from this order this appeal is taken. The appeal must be sustained and judgment reversed. His Honor was in error in granting the order. Under the showing made before him he was without jurisdiction to hear the motion. He was out of the Circuit in which the cause was pending; there was not a sufficient showing before him, there was no resident or presiding Judge in the Circuit where action was pending. He should not have made an order to the prejudice of the plaintiff without notice. A Circuit Judge is not empowered at chambers to set aside a judgment. That is for the Court. *Turner* v. *Foreman*, 47 S. C. 31, 24 S. E. 989; *Sarratt* v. *Mfg. Co.*, 77 S. C. 85, 57 S. E. 616. His

Honor was in error in attempting at chambers to in
4    any manner interfere with the orders passed in the
cause by the presiding Judge. He was without
power or authority to so do. *Middleton* v. *Denmark Ice and
Fuel Co.,* and cases therein cited; 97 S. C. 457, 81 S. E. 158.
Judgment reversed.