## 9006

### GRAY v. MARION COUNTY LUMBER CO.

#### (84 S. E. 410.)

COURTS. JUDGMENT. MODIFICATION. APPEAL. INJUNCTION.

1. JUDGEMENT—MODIFICATION—REMEDY BY APPEAL.—An order of a Circuit Judge which restrains a party from exercising rights awarded to him by a decree of another Circuit Judge pending appeal from the decree is invalid as a modification of the decree.

2. COURTS—INJUNCTION PENDING APPEAL—JUDISDICTION.—The Supreme Court may, on its own motion pending appeal from a decree dismissing a suit to declare the rights of defendant under a timber deed terminated and to remove the cloud thereof from plaintiff's land, maintain by injunction the *status quo* on plaintiff giving to defendant a bond conditioned to save defendant harmless in the event he establishes his rights on appeal.

Before SPAIN, J., Bennettsville, 1914. Modified.

Action by A. A. Gray against the Marion County Lumber Company. From an order of injunction pending action and disposition of case on appeal, defendant appeals.

*Mr. M. C. Woods,* for appellant.

*Messrs. Townsend & Rogers,* for respondent.

February 27, 1915.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The following statement appears in the case:

"This is an action to declare all rights of defendant-appellant under a certain timber deed terminated, and to remove the cloud thereof from plaintiff's land. The cause was heard on its merits by Judge Memminger, at the Spring, 1914, term of the Circuit Court for Marlboro county, and resulted in a decree, filed after the term had ended and his Honor had left the Fourth Circuit, which concluded in the following words: 'From these conclusions of law and facts, it follows that plaintiff is not entitled to the relief prayed for and that the complaint should be dismissed. It is, therefore, so ordered.' Within due time plaintiff gave notice of his intention to appeal to the Supreme Court from the order of Judge Memminger. In the meantime the defendant entered upon the land in question, cut out a right of way, and prepared to build a logging road there across. On an *ex parte* application, Judge Spain issued an order of injunction prohibiting the defendant from entering upon the land in question pending the appeal. Defendant gave notice of a motion to dissolve such order of injunction, and, after argument of counsel, Judge Spain granted an order dissolving the order of injunction upon the ground that the same had been obtained without notice. The plaintiff then applied to Judge Spain and obtained a rule to show cause, and a temporary restraining order pending the hearing of the rule, why the defendant should not be enjoined pending the determination of the case by the Supreme Court. To such rule the defendant made due return, which his Honor held insufficient. He thereupon issued an order of injunc-

tion pending the action and until the Supreme Court shall have decided the main case. At this time the case on appeal from Judge Memminger's order had not been agreed upon or settled, and the return had not been filed in the Supreme or Circuit Court; the time for service of the proposed case having been extended by counsel. Within due time defendant gave notice of his intention to appeal to the Supreme Court, and the cause now comes before this Court on the exceptions set forth in the record."

In the exceptions the appellant takes two positions: (1) That the easement is separate and perpetual; (2) that the Circuit Judge had no jurisdiction to make the order. The second only needs to be considered.

The plaintiff brought suit to declare all rights under the deed terminated. Those rights included the right to cut and remove timber, and also the right of way. Judge Memminger, who heard that case, held "that the plaintiff is not entitled to the relief prayed for and that the complaint be dismissed." When, therefore, another Circuit Judge made an order suspending the defendant's rights as declared by Judge Memminger's decree, it was unquestionably a modification of that decree.

In the recent case of *Middleton* v. *Ice & Fuel Co.,* 97 S. C. 459, 81 S. E. 158, Mr. Justice Watts, delivering the opinion of this Court, says:

"His Honor, Judge Rice, had neither power nor authority to review, reverse, or modify the decree of Judge Gary, who had passed the same while presiding in Bamberg county, even though he was the resident Judge of the Circuit of which the county of Bamberg is a part. He committed an error in his attempt to interfere with Judge Gary's decree. If there was any error in the judgment and decree of Judge Gary, there is, under the Constitution and law of this State, another tribunal for the correction of the same."

But while Judge Spain was without authority to modify the action theretofore had by Judge Memminger, of the

same Court, it yet does not follow that this Court may not now, of its own motion, make an order of a character somewhat like that which Judge Spain undertook to make. The main case heard by Judge Memminger is on appeal here; the cause is on the docket, ripe for a hearing, and would have been heard contemporaneously with the appeal from Judge Spain's order, except for a lack of time under the allotment theretofore made to the Fourth Court by this Court. Therefore, to now undo Judge Spain's order would give warrant to the defendant to go upon the plaintiff's land and cut timber, the cutting of which is now in issue before this Court. The status, under the circumstances, ought to be preserved.

It is, therefore, ordered that the defendant must not go upon the premises in dispute and cut timber, or do any act to enforce its alleged rights under the contract in issue, until the main cause has been heard and decided by this Court. Ordered, further, that the plaintiff make to the defendant a bond, with sureties to be approved by the clerk of the Circuit Court for Marlboro, in the sum of five hundred dollars, conditioned to save harmless the defendant by reason of this order, in the event the defendant shall establish its right in the said action.

Modified.