13555

GREEN *ET AL.* v. E. B. GRESHAM CO.

(167 S. E., 659)

*Messrs. Nicholls, Wyche & Russell* and *J. W. Boyd,* for appellants,

*Mr. Horace L. Bomar,* for respondent,

January 12, 1933.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

This action, in equity, was one for foreclosure of a real estate mortgage. The main defense of the defendant was that of payment.

The master, to whom the cause was referred, found in favor of the plaintiffs that there was a balance due on the mortgage debt, and recommended foreclosure of the mortgage.

On exceptions to the master's report, his Honor, Circuit Judge Sease, held that the evidence showed payment of the mortgage debt, and he decreed a dismissal of the complaint.

The arguments on the exceptions to the master's report, before the Circuit Judge, were heard on March 12, 1932. The case was taken under advisement, and the decree of the judge was made on March 24 or 25, 1932, there is conflict in the record as to the exact date.

On March 25, 1932, plaintiff's counsel noticed by mail application for permission to introduce additional evidence. Before the Circuit Judge received the information as to the making of that application, he had signed and filed his decree. Thereafter, on April 2, 1932, plaintiffs' counsel moved before Judge Sease for permission to produce additional evidence and for a rehearing of the case. The defendant objected to the motion of the plaintiffs, and Judge Sease, on the authority of *Turner v. Foreman*, 47 S. C., 31, 24 S. E., 989, held that he did not have jurisdiction at chambers to entertain the motion. In dismissing it, he took occasion to say that, if he had jurisdiction, he would grant the plaintiffs' application.

From the decree dismissing the complaint, the plaintiffs appealed to this Court. The plaintiffs also appealed from the order of Judge Sease refusing to open up the case for the purpose of allowing plaintiffs to offer additional evidence and for a rehearing of the cause.

The defendant has submitted sustaining grounds for the upholding of the last order of Judge Sease, the only one

necessary to be noticed being the one that the showing made was not sufficient to justify a rehearing of the cause.

In the appeal of the plaintiffs from the main decree, the burden rests upon them to convince this Court that there was error in the finding of the Circuit Judge as to the payment of the mortgage debt.

The evidence in the case, requiring about 125 printed pages, is set out in full in the transcript of record. We shall not attempt a review, or even a summary, of that evidence. The decree of the Circuit Judge has sufficiently stated the essential matters. It is only necessary to say that a careful examination of all the evidence is convincing that there was no error on the part of the Circuit Judge in the conclusion he reached that the mortgage debt had been paid.

As to the appeal of the plaintiffs from the second order of Judge Sease, and the ground upon which the defendant asked that that order be sustained, we are of the opinion that the cause should not have been opened on the showing made. The case continued in the Circuit Court under reference for something like eighteen months. The taking of evidence required four separate days. The plaintiffs did not make a proper showing of due diligence, which they should have made when they asked for a further hearing. While we appreciate the evident desire of Judge Sease to give all the parties a full hearing, we think that the parties had had full opportunity to present the cause, and after it had been fully and fairly heard, and the Circuit Judge had rendered his decree, there was no good reason to have the case tried over. We think, too, that the evidence which the plaintiffs sought to have introduced would not have changed the result of the decree which was adverse to them.

We disagree, however, with the holding of Judge Sease that he did not have the authority to grant the motion to open up the case at chambers. The case of *Turner v. Foreman, supra,* relied upon by the Circuit Judge,

was decided in 1895. Circuit judges did not then have the broad powers at chambers with which they are now vested. See Section 37, Code 1932.

The main decree of Judge Sease will be reported.

The judgment of this Court is that the main decree and the second order of the Circuit Judge, appealed from, be, and the same are hereby, affirmed.

MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.

### ON PETITION FOR REHEARING

*Per Curiam.*

For two reasons, we have given careful consideration to the petition for rehearing presented in this cause. One is the apparent earnestness of counsel for the appellants that our former opinion was erroneous. The other is due to the certificate of "counsel not concerned in the case," Hon. Samuel T. Lanham, to the effect that, in his opinion, there is merit in the grounds of the petition. For the information of the bar, it is well to have that certificate reported. Eliminating the reference to the opinion of this Court in *Arnold v. Carolina Power & Light Company*, 167 S. E., 234, the certificate presented in this case is worthy of emulation in the preparation of a certificate on a petition for rehearing.

Another review of the cause has not convinced us, however, that we were wrong in affirming the decree of his Honor, Judge Sease.

We were not unmindful, as counsel for the appellants seem to think we were, of the legal principle that payment is an affirmative defense. In deciding the case, we had that principle fully in mind. The burden to establish payment was on the defendant, but the burden to show that the Circuit Judge erred in his finding that there was payment was on the appellants in this Court.

The petition for rehearing is dismissed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER, CARTER, and BONHAM concur.